UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 25-12201-RGS

KORI KELLEY

v.

TURK & MILONE, LLP

MEMORANDUM AND ORDER

August 7, 2025

STEARNS, D.J.

For the reasons stated below, this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

BACKGROUND

On August 6, 2025, Kori Kelley, a resident of Boston, Massachusetts, filed his self-prepared complaint on the Pro Se 5 form used for filing civil cases alleging negligence [ECF No. 1]. Named as defendant is Turk & Milone, LLP, a law firm in Braintree, Massachusetts. [*Id.* at ¶ I(B)]. Plaintiff asserts this court's diversity jurisdiction under 28 U.S.C. § 1332 [*Id.* at ¶ II].

For the statement of claim, Kelley alleges that "throughout 2024 [the defendant law firm] dragged [Kelley] to [Boston Housing Court] multiple times just to falsely [blame Kelley] of things [he] did not do." [*Id.* at ¶ II]. He further states that their actions led "to homelessness." *Id.* Kelley contends that the defendants acts or omissions caused pain, suffering, trauma and defamation of character. *Id.* Kelley does not state the relief he

seeks and the court notes that the relief section of the form complaint is blank. [*Id.* at ¶ IV].

With the complaint, Kelley filed an Application to Proceed in District Court without Prepaying Fees or Costs (also referred to as a motion for leave to proceed *in forma pauperis*). [ECF No. 2].

## PRELIMINARY SCREENING

The Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the case.").

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gun v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The existence of subject-matter jurisdiction 'is never presumed,'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)), and federal courts "have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress." *Esquilín-Mendoza v. Don King Prods., Inc.*, 638 F.3d 1, 3 (1st Cir. 2011). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir.

2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

Congress has given the federal courts jurisdiction over cases where the cause of action arises under federal law, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332 ("§ 1332"). For diversity jurisdiction, the parties must have "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008).

In conducting this evaluation of the complaint, the court liberally construes the complaint because Kelley is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## DISCUSSION

Upon review, the court finds that the complaint should be dismissed for lack of subject matter jurisdiction.

Diversity jurisdiction is not available when any plaintiff is a citizen of the same state as any defendant. Here, the complaint alleges that all parties are located in Massachusetts, and so this court is without diversity jurisdiction pursuant to 28 U.S.C. § 1332.

The complaint does not allege federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff has not alleged facts, which, if true, would demonstrate the violation of federal law.

To the extent that the underlying judgment in the state court action is final, this court does not have jurisdiction to review and reject a state court judgment.[1] "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases and thus cannot exercise appellate jurisdiction." *Liviz v. Howard*, No. 19-CV-10096-PJB, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019). "Pursuant to the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction over "federal complaints . . . [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments."'" *Anderson v. Sup. Jud. Ct. of Massachusetts*, Case No. 18-CV-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original). Any decision on the merits here "necessarily

---

[1] The court takes judicial notice of *Rth Restoration Housing v. Kori Kelley*, No. 22H84SP000943 (filed April 14, 2022 Eastern Housing Court). *See Wiener v. MIB Group, Inc.*, 86 F. 4th 76, 81 n.3 (1st Cir. 2023) ("It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." (quoting *Rodi v. S. New Eng. Sch. of L.*, 389 F.3d 5, 19 (1st Cir. 2004)). The unofficial state court docket is available through https://www.masscourts.org (last visited August 6, 2025).

requires the Court to undermine [a] state court judgment[], [and therefore] the Court lacks subject matter jurisdiction over [Kelley's] claims." *Id.*

## ORDER

For the foregoing reasons, it is hereby ordered that this action is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction. The Clerk shall terminate the pending motion and enter a separate order of dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

5